J. H. DAUGHTRY, *Plaintiff in Error,* v. C. A. DAVIS, *Defendant in Error.*

Opinion Filed April 29, 1921.

Petition for Rehearing Denied May 28, 1921.

1. Where the evidence is conflicting the verdict will not be set aside and a new trial granted where there is evidence legally sufficient to support the verdict unless it may be well assumed that the jury were improperly influenced by considerations outside the evidence.

2. Where the appellate court after considering the evidence concludes that the verdict at which the jury arrived was fully sustained the judgment will not be reversed because of insufficient evidence to sustain the verdict.

3. Where an assignment of error attacks the entire charge given by the court the assignment must fail unless the charge in its entirety was erroneous.

A Writ of Error to the Circuit Court for Lee County: George W. Whitehurst, Judge.

Judgment affirmed.

*W. D. Bell,* for Plaintiff in Error;

*R. A. Henderson, Jr.,* for Defendant in Error;

ELLIS, J.—The defendant in error, C. A. Davis, brought action in the Circuit Court of Lee County against James H. Daughtry, the plaintiff in error, upon a promissory note for the sum of $500, dated on the 16th day of December, 1916, and payable on the 16th day of December, 1917, with interest at 8% per annum, and reasonable attorney's fee if placed in the hands of attorney for collection. The defendant Daughtry interposed two pleas: the first, payment; the second, set-off. The plea is a long one and unnecessary to be set out in detail. It averred in substance that the note was given in part payment for a certain business in Fort Myers, Florida, which the plaintiff owned, known as the Palace Market, together with the counters, refrigerators, scales and other fixtures located in the place where the business was conducted. In addition to the above it was averred that the plaintiff was to sell his interest in a pasture located on the Caloosahatchee River and that he would sell to the plaintiff during the time that the defendant might operate the market all beef cattle that might be raised by the plaintiff. That in consideration of the transfer to him of the Palace Market and the interest in the pasture and the promise to sell beef cattle to him the defendant paid a certain amount of money in cash, and executed two notes for the remainder, the last of which notes was the one declared on by the plaintiff below. The pleading avers that the plaintiff transferred the Palace Market and equipment to the defendant, but has refused and failed to carry out the other part of the agreement to convey his interest in the pasture and to

sell the beef cattle as agreed upon.  On this account the plea avers that the defendant has suffered damage to the amount of $400 by reason of plaintiff's failure to sell him beef cattle, and a further loss of $350 on account of the plaintiff's failure to convey his interest in the pasture.

As appears from the record, the issue was joined on the plea and the parties went to trial.  There was a verdict for the plaintiff in the sum of $739.34 and judgment was entered thereon.  There are five assignments of error.  The first and second are identical and are based upon the court denying the motion for a new trial. The third is that the court erred in pronouncing judgment upon the verdict.  The fourth, that the court erred in failing to plainly state the issues raised by the pleadings, and the fifth rests upon a charge given by the court to the jury.

There is no brief in behalf of the defendant in error. The first, second and third assignments of error are treated together in the brief for the plaintiff in error in which it was undertaken to show that the verdict was erroneous in that no allowance was made by the jury for the failure of the plaintiff to convey his interest in the pasture to the defendant pursuant to his contract.  It is admitted by the plaintiff in error as to the promise by the plaintiff to sell beef cattle to the defendant that there is a conflict of evidence.  We have examined the record in the case and are unable to discover any error in the court's refusal to set aside the verdict upon the ground that it was not supported by the evidence.  The defendant himself testified that he agreed to pay $1,500 for the market outfit and $350 for the butcher business and pasture.  Just what the proportionate value of the pasture

was to the value of both butcher business and pasture is not shown. From the defendant's own testimony the agreement of the plaintiff to sell beef cattle to the defendant whenever the latter needed them seemed to have formed no part of the consideration for eighteen hundred and fifty dollars which the defendant agreed to pay for the "Market outfit" and the business and pasture. The defendant testified that because of the plaintiff's use of the pasture for his own cattle and his refusal to let the defendant have exclusive use of the pasture the defendant suffered a loss of $350, which he said he arrived at in the following manner: That as that was the amount which the plaintiff charged him for the pasture that he felt "like if he didn't let me have it as he agreed to why I lost what he was charging me for it." But he had testified that the plaintiff charged him $350 for both the business and pasture, and it appeared that he did have the use of the pasture, so he was not deprived of it entirely. The defendant also stated with reference to this pasture that he had not used it regularly for the reason that some of the time he could not get cattle to put in the pasture. Now there was testimony in behalf of the plaintiff contradictory of that offered by the defendant as to the contract between the parties out of which grew the obligation upon which the action was brought. Mr. Davis, the plaintiff below, testified that he had no such agreement with the defendant concerning the sale of beef cattle. The evidence as to the alleged damage sustained by the defendant because of the plaintiff's partial use of the pasture after he had sold his interest in it to the defendant wholly fails to sustain the averments of the defendant, the burden of proof of which was upon him.

The doctrine that where the evidence is conflicting a new trial will not be granted and in no case will the

verdict be set aside if there is sufficient evidence upon which to support it unless it appears that the jury were improperly influenced by considerations outside the evidence is too well settled in this State to need any reference to former decisions.

We would not be justified in setting aside the verdict in this case as contrary to the evidence, however, because after duly considering the testimony and due weight given to all the evidence, we are of the opinion that the verdict was correct. See Bridier v. Yulee, 9 Fla. 481; Tallahassee Railroad Co. v. Macon, 8 Fla. 299.

The fourth and fifth assignments of error are discussed together. Error is assigned upon what the plaintiff in error says is the court's failure to plainly state the issues raised by the pleadings. We have read the charge of the court and are of the opinion that the issues were very clearly and definitely stated by the court. This method of attacking the charge of the court can seldom succeed because unless the charge in its entirety is erroneous the assignment must fail. There are many principles of law appertaining to the case at bar which were correctly given in charge by the court to the jury. That fact would be sufficient to defeat an assignment of error which attacked the entire charge generally, and indicated no special point in which the error consists.

But we have examined the charges with reference to the criticism made that they did not correctly state the issues, and are of the opinion that the assignments of error are without merit.

Having discovered no error in the record, the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.